# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

TIMOTHY BOYD,

      Petitioner,

v.                                      Civil No. 2:12CV462

HAROLD W. CLARKE,
Director of Virginia Department of Corrections,

      Respondent.


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Timothy Boyd seeks a writ of habeas corpus to resolve alleged constitutional errors, namely, ineffective assistance of counsel, underlying his state convictions. The respondent moved to dismiss Boyd's petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the Virginia decisions rejecting Boyd's claims of ineffective assistance of counsel are not based on any unreasonable determination of fact or application of law, nor contrary to federal law, the undersigned recommends that the respondent's motion be GRANTED and the

1

petition DISMISSED.

## I.  STATEMENT OF THE CASE

On August 26, 2009, following a bench trial, the Circuit Court of the City of Norfolk convicted Boyd of aggravated malicious wounding, unauthorized use of a motor vehicle, and statutory burglary. Trial Order (R. 18), Commonwealth v. Boyd, No. CR09001666-00 (City of Norfolk Cir. Ct. Aug. 26, 2009). The court sentenced him to eighteen years in prison with seven years, six months suspended. Sentencing Order (R. 21), Commonwealth v. Boyd, No. CR09001666-00 (City of Norfolk Cir. Ct. Nov. 3, 2009).

The evidence at trial established that Boyd entered the residence of Tina Sherrod, his former girlfriend, at about 1:30 a.m. on December 23, 2008. Sherrod testified that about ten days before the incident, she had ended her relationship with Boyd and told him not to return to her residence. Both Sherrod and Christopher Wilson, who was sleeping in the bed with Sherrod on the night of the incident, testified that after Boyd entered the residence, he began striking Wilson with a brick. As Sherrod went to a neighbor's to call 9-1-1, Boyd fled the scene in Sherrod's vehicle, which he later returned.

While Boyd admitted he entered Sherrod's residence, he

testified that Sherrod had been calling him and asking him to return. Boyd testified that he planned to spend the night at Sherrod's and remove his belongings the next day. Boyd stated that after entering the residence, he went back outside and grabbed a brick, which he intended to throw at the big screen television in the bedroom. Boyd testified that when he returned Wilson attacked him, and he defended himself with only his hands.

Boyd appealed to the Court of Appeals of Virginia, challenging the sufficiency of the evidence for his conviction. (Pet., ECF No. 1 at 2). In a per curiam opinion, the court denied his appeal on the merits. Boyd v. Commonwealth, No. 2534-09-1 (Va. Ct. App. Apr. 13, 2010). Boyd then appealed to the Supreme Court of Virginia, which refused his petition on August 9, 2010. Boyd v. Commonwealth, No. 100896 (Va. Aug. 9, 2010).

On August 10, 2011, Boyd timely filed a state habeas petition with the Norfolk Circuit Court.[1] (Pet. for Writ of

---

[1] Boyd executed his notarized habeas petition to the Norfolk Circuit Court on August 5, 2011, and contends that he deposited his habeas petition in the prison's internal mailing system the same day. (Resp., ECF No. 19 at 4). The prison records reflect that Boyd's habeas petition was mailed on August 9, 2011. (ECF No. 19-1). The petition was received by the Clerk of the Circuit Court of the City of Norfolk and listed as filed on August 10, 2012. Habeas Pet., Boyd v.Clarke, No. CL 11-006017 (City of Norfolk Cir. Ct Aug. 10, 2010). Under Virginia Supreme Court Special Rule 3A:25, "a paper is timely filed if deposited in the institution's internal mailing system, with first-class postage prepaid on or before the last day for filing." Va. Sup. Ct. R.

Habeas Corpus, ECF No. 1-1). Boyd's state petition alleged nine

separate ineffective assistance of counsel claims, arguing his

counsel was ineffective by failing to:

(1) introduce a pre-trial motion that would challenge the court's jurisdiction to hear [the] case based upon a late indictment;

(2) subpoena a critical material witness;

(3) aggressively challenge [the] victim[s'] testimony to discredit and damage their credibility;

(4) investigate the 9-1-1 tape to discover the neighbor who witnessed whether or not Tina Sherrod had any facial injuries in their presence;

(5) use and analyze cell phone records that showed [Tina Sherrod had] distinct patterns of access to Mr. Boyd . . . dispel[] any perceived fear Ms. Sherrod had of Mr. Boyd . . . confirm his statement of her "calling me, calling me" . . . [and] show[] that she possibly set-up both Mr. Wilson and Mr. Boyd for a confrontation by knowing Mr. Boyd was on his way to her home late that evening or early morning;

(6) expose the extrinsic fraud on the court by keeping Joseph Sherrod away from the court to give additional testimony;

(7) show the court Mr. Boyd's true mental state that makes

---

3A:25. A timely filing may be established by "a notarized statement signed by an official of the institution showing that the paper was deposited in the internal mail system on or before the last day of filing." Id. Boyd contends that his habeas petition was on filed on August 5, 2011, the day he executed it. (ECF No. 19 at 4). The respondent argues that Rule 3A:25 is a safe harbor provision that is only appropriate when necessary, and contends that the petition was not filed until it was received by the Norfolk Circuit Court on August 10, 2011. (ECF No. 9 at 1 n.1). The undersigned need not address this issue to determine on which date Boyd's petition was "properly filed" and "pending" for statutory tolling purposes. See 28 U.S.C. § 2244(d)(1)(A). No matter which date is applied, Boyd's federal petition is timely.

him a victim;

(8) show the court Ms. Sherrod's "black bag of tricks and lies" [by not subpoenaing Joseph Sherrod to testify]; and

(9) show that Ms. Sherrod's income was much less than her obligations.

Id. at 42-43. On October 17, 2011, the Norfolk Circuit Court dismissed Boyd's petition, finding his jurisdictional claim factually unsupported and that the remaining eight allegations failed to satisfy the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). Final Order (R. 92-96), Boyd v. Clarke, Case No. CL11-006017 (City of Norfolk Cir. Ct. Oct. 17, 2011). Boyd appealed the circuit court's decision to the Supreme Court of Virginia, arguing that the circuit court erred by: (1) dismissing his ineffectiveness claims pursuant to Strickland v. Washington; (2) failing to make its own determination of facts and conclusions of law; and (3) failing to order an evidentiary hearing. Pet. for Appeal, Boyd v. Clarke, No. 120136 at *1 (Va. Jan. 13, 2012). On May 9, 2012, the Supreme Court of Virginia refused Boyd's petition. Boyd v. Clarke, No. 120136 (Va. May 9, 2012).

On August 7, 2012, Boyd, proceeding pro se, executed this federal petition for habeas corpus relief pursuant to 28 U.S.C.

§ 2254 and placed it in the prison's mailing system. (ECF No. 1 at 8). In his federal petition, Boyd asserts the same nine grounds for relief raised in his state habeas petition.(See ECF Nos. 1-1 at 42-44; 4). On September 24, 2012, respondent filed its Rule 5 Answer and Motion to Dismiss, along with a brief in support, asserting timeliness as the sole grounds for dismissal. (ECF Nos. 7-9). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Boyd was advised of his right to file opposing affidavits, statements, exhibits and legal memoranda, as well as the possible consequences of failing to oppose the respondent's filing. (ECF No. 10). Boyd responded arguing that his federal petition was timely filed. (ECF No. 19).

After determining that Boyd's petition was timely filed, as addressed below, the undersigned ordered the respondent to file a brief asserting any additional grounds for dismissal. (ECF No. 20). Respondent filed its supplemental brief on February 11, 2013, and again advised Boyd of his rights under Roseboro and Local Rule 7(K). (ECF Nos. 21-22). Boyd filed a reply, and therefore, the respondent's second Motion to Dismiss is ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Having reviewed Boyd's claims and state court pleadings, the undersigned finds that Boyd has exhausted each of his claims.[2] (ECF No. 9 at 2).

---

[2] Respondent disagrees with this finding. Respondent contends that although "[a]ll of Boyd's claims are 'exhausted' within the meaning of § 2254(b)," they were not properly presented to the Supreme Court of Virginia and thus they were never properly exhausted. In other words, respondent argues that Boyd's claims are simultaneously exhausted under § 2254(b), because he no

Once a petitioner's state remedies have been exhausted, under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant relief on any claim adjudicated on the merits by the state court, unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on

longer has any state remedies available, and procedurally defaulted because they were never properly presented to the Virginia Supreme Court in accordance with Rule 5:17(c). Under Rule 5:17(c), the petitioner must "list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely." In his petition for appeal from the circuit court's denial of his habeas petition, Boyd cited as his assignment of error, "The Circuit Court erred when it ruled that Petitioner's listed ineffective assistance claims alleged by the Attorney General are denied pursuant to *Strickland v. Washington*." Pet. for Appeal, <u>Boyd v. Clarke</u>, No. 120136 at *1 (Va. Jan. 13, 2012).

In his petition for writ of habeas corpus to the circuit court, Boyd listed the nine claims of ineffective assistance of counsel which he has asserted in his federal petition. The circuit court ruled on each of these claims in its Final Order denying Boyd's petition. Additionally, Boyd addressed each of the claims in the argument section of his petition for appeal to the Virginia Supreme Court. Moreover, the Virginia Supreme Court did not refuse Boyd's petition on this basis. Rather the Court appeared to address the merits in stating that, "[u]pon review of the record in this case and consideration of the argument submitted in support of the granting of an appeal, the Court is of opinion there is no reversible error in the judgment complained of." <u>Boyd v. Clarke</u>, No. 120136 (Va. May 9, 2012). Accordingly, the undersigned finds that Boyd fairly presented his claims to the state's highest court, and thus they are not procedurally defaulted.

8

a set of materially indistinguishable facts. <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. <u>Id.</u> at 413. Factual determinations made by a state court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>see</u> <u>Hill v. Ozmint</u>, 339 F.3d 187, 194 (4th Cir. 2003).

## A. Boyd's Petition is Timely

Respondent first argued Boyd's federal petition was barred by the limitations period set forth in 28 U.S.C. § 2244. After careful review of the filing history, the undersigned concludes that Boyd's habeas petition in this Court is timely.

The provisions of the AEDPA establish a one-year limitation period for prisoners seeking federal habeas relief. Under 28 U.S.C. § 2244(d)(1) a district court is required to dismiss any petition for writ of habeas corpus filed more than one year after the latest of: (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of

the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

The time period during which state post-conviction or other collateral review is pending tolls the limitation period. 28 U.S.C. § 2244(d)(2). In order for tolling to occur, an application for review must be "properly filed." Id. "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (deciding that properly filed includes timely filing).

In the present case, judgment was entered against Boyd in the Circuit Court for the City of Norfolk on August 26, 2009. Boyd appealed his conviction to the Court of Appeals of Virginia, which affirmed the circuit court judgment on April 13, 2010. The Supreme Court of Virginia refused his petition on August 9, 2010. Boyd then had ninety (90) days to file a petition for writ of certiorari with the United States Supreme Court. 28 U.S.C. § 2101(c); see Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Boyd did not file a petition for

writ of certiorari with the United States Supreme Court and his
ninety-day window ended on November 7, 2010. (ECF No. 1 at 3).
However, because November 7, 2010, was a Sunday, Boyd's last day
to file a petition for a writ of certiorari to the United States
Supreme Court was November 8, 2010. See Sup. Ct. R. 30. Thus,
Boyd's judgment became final the same day.

Section 2244(d)'s one-year statute of limitations began to
run the next day, November 9, 2010. Hernandez v. Caldwell, 225
F.3d 435, 439 (4th Cir. 2000) (citing Fed. R. Civ. P. 6(a)); see
Fed. R. Civ. P. 6(a) ("[I]n computing any time period specified
in these rules, in any local rule or court order, or in any
statute that does not specify a method of computing time . . .
exclude the day of the event that triggers the period."). From
this date, 274 days expired until Boyd properly filed his state
habeas petition with the Circuit Court of the City of Norfolk on
August 10, 2011.[3] The cased remained pending, and tolled the
limitations period, until the Supreme Court of Virginia refused
Boyd's petition for appeal on May 9, 2012. See 28 U.S.C. §
2244(d)(2). The limitations period began to run again on May 10,
2012, and Boyd had 91 days, or until August 8, 2012, to timely

---

[3] As noted above, while the parties dispute when Boyd's state habeas petition
was properly filed and pending, the exact date is not dispositive for this
issue. Using the latest of the three possible dates, August 10, 2011, Boyd's
federal petition is still timely.

file his federal habeas petition. Boyd filed his federal habeas petition in this Court on August 7, 2012, and therefore, his petition is timely.

### B. Ineffective Assistance of Counsel

Boyd's nine federal claims assert that he was denied the right to effective assistance of counsel. Specifically, Boyd asserts the same nine grounds as he did in his state habeas petition. (ECF Nos. 1-1 at 42-43; 4 at 12-21). Each of these claims was resolved on the merits by the Supreme Court of Virginia. Thus, to obtain relief in this Court Boyd must overcome the highly deferential standard set forth in § 2254(d).

In reviewing an ineffective assistance of counsel claim, the relevant inquiry is whether "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict suspect." Kimmelmann v. Morrison, 477 U.S. 365, 374 (1986). However, this presumption is not easily overcome, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order for Boyd to succeed on his ineffectiveness claims, he must satisfy both the "performance" and the "prejudice"

prongs of the two-part test set forth in <u>Strickland v.</u> <u>Washington</u>, 466 U.S. at 687.[4] To satisfy the "performance" prong of the test, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> That is, petitioner must show that counsel did not provide reasonably effective assistance under prevailing professional norms. <u>Id.</u> at 687-88. To satisfy the "prejudice" prong of the test, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.[5]

## 1. Ground 1, failing to raise a jurisdictional challenge.

Boyd first contends that his trial counsel was ineffective for failing to challenge the trial court's jurisdiction based upon a late indictment. (ECF No. 4 at 12). He asserts that he was arrested on February 12, 2009, but not indicted until June 3, 2009. <u>Id.</u> He contends that this violated Virginia Code section 19.2-242, which states that "[a] person in jail on a

---

[4] As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Boyd must satisfy both requirements of the test to prevail on the merits. <u>Spencer v. Murray</u>, 18 F.3d 229, 232-33 (4th Cir. 1994); <u>see Strickland</u>, 466 U.S. at 697.
[5] The Supreme Court went on to define a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694; <u>Lovitt v. True</u>, 403 F.3d 171, 181 (4th Cir. 2005).

criminal charge shall be discharged from imprisonment if a presentment, indictment or information be not found or filed against him before the end of the second term of the court at which he is held to answer." Va. Code Ann. § 19.2-242 (2008). He argues that counsel was deficient, because counsel should have known that the end of the second term was in April (ECF No. 26 at 23), and therefore, should have challenged the court's jurisdiction based upon the late indictment after it was not returned in April. (ECF No. 4 at 12). Boyd asserts that counsel's alleged error prejudiced him in two ways. First, he received unwarranted additional jail time. (ECF No. 26 at 24). Second, he contends that had counsel challenged the late indictment it would have forced the Commonwealth to indict him sooner, thereby starting the five-month speedy trial clock sooner, which he believes would have allowed him to make a speedy trial challenge. Id. The circuit court considered this claim on the merits and held that:

> Virginia Code § 19-2-242 provides only a right to release from pre-trial confinement, but that the failure to promptly indict does not create a jurisdictional defect. The Court further finds that [Boyd] is no longer in the pre-trial confinement of which he complains, thus not only is his jurisdictional claim lacking in legal merit, the absence of that custody at the present time would bar

14

> relief upon the [Boyd's] Claim (a). The Court, accordingly, will dismiss Claim (a).

Final Order (R. 93), <u>Boyd v. Clarke</u>, No. CL11-006017 (City of Norfolk Cir. Ct. Oct. 17, 2011). Thus, Boyd's first claim of ineffective assistance of counsel failed.

This Court must only determine whether the Supreme Court of Virginia's decision on this point was either contrary to or an unreasonable application of federal law, or if its decision was based upon an unreasonable finding of facts. 28 U.S.C. §§ 2254(d)(1)-(2). "Where, as here, the state court's application of the governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003).

There is no evidence that the circuit court's determination was unreasonable. The circuit court determined that Virginia Code section 19.2-242 only provides for pre-trial release from confinement and does not create a jurisdictional basis upon which to dismiss the indictment. Moreover, "it is not the province of a federal habeas court to re-examine state court determinations on state law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Weeks v. Angelone</u>, 176 F.3d 249, 262 (4th Cir. 1999). Because section 19.2-242 creates no jurisdictional

defect, the circuit court's ruling - that counsel's failure to file a motion to challenge the late indictment did not amount to ineffective assistance - was not unreasonable. A motion by counsel would not have warranted dismissal, nor would it have secured Boyd's release, who by his own admission was already in custody on a separate misdemeanor conviction. (ECF No. 1-1 at 36). Counsel is not deficient for not filing a frivolous motion. Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005). Because the circuit court's holding that Boyd failed to establish both prongs of the Strickland test was not unreasonable, the undersigned recommends that Boyd's first claim of ineffective assistance of counsel be dismissed.

## 2. Grounds 2 and 6, failing to subpoena Joseph Sherrod.

Boyd's second claim overlaps his sixth. In both he contends that his counsel was ineffective for failing to subpoena Tina Sherrod's son, Joseph Sherrod, as a witness. (ECF No. 4 at 13). Joseph Sherrod testified against Boyd in a separate assault and battery charge arising from the same altercation which led to Boyd's felony convictions. (ECF No. 1-6 at 2). Boyd alleges that, during his earlier testimony, Joseph stated that Boyd did not make any attempt to hurt his mother, Tina Sherrod. (ECF No. 4 at 13). Boyd now contends that if counsel had subpoenaed

16

Joseph to circuit court for the felony trial, counsel could have reminded Joseph of his earlier testimony and used it to impeach his mother, Tina, who testified at the felony trial that Boyd hit her. (ECF No. 1-1 at 22).

Boyd's trial counsel submitted an affidavit to the state habeas court stating he did not subpoena Joseph because he "felt that Joseph would be, at best, a hostile witness, and at worse, a very damaging one." (ECF No. 1-6 at 2). Boyd argues that counsel's decision was deficient and that subpoenaing Joseph "would have been worth the risk." (ECF No. 4 at 13). Additionally, Boyd argues in Claim Six that counsel's failure to subpoena Joseph created an extrinsic fraud on the court by denying the court the opportunity hear Joseph's testimony. Id. at 18. The circuit court addressed these claims on the merits and held that neither claim satisfied the Strickland test:

> The Court finds reasonable counsel's tactical decision not to call as a defense witness a close relative of the victim known to be hostile to his client. The Court further finds [Boyd] has failed to proffer the testimony of Joseph Sherrod or establish that his testimony would have been helpful, rather than harmful. He has failed to establish either deficient performance or prejudice and the Court will dismiss Claims (b) and (f). *Strickland*, 466 U.S. 668.

Final Order (R. 93), Boyd v. Clarke, No. CL11-006017 (City of Norfolk Cir. Ct. Oct. 17, 2011). Boyd's second and sixth claims of ineffective assistance of counsel thus failed.

It was not unreasonable for the circuit court to conclude that counsel's decision not to subpoena Joseph was reasonable. Counsel is given wide latitude for tactical decisions and is entitled to a presumption that his strategy was reasonable. Strickland, 466 U.S. at 689. Boyd has not overcome this presumption. While Boyd has speculated that Joseph's testimony in circuit court would have been helpful to his case, as his counsel noted, it just as easily could have been very damaging to his case. (ECF No. 1-6 at 2). Accordingly, Boyd's proffered facts do not establish that counsel was deficient or that outcome of the trial would have been different had Joseph testified. Moreover, Boyd's contention that this strategy was his only hope and that counsel should have tried it, because "if it didn't go [his] way [it] could not have done any more harm than what actually happened at the end of trial" (ECF No. 1-1 at 34), is a product of hindsight. Although Boyd may disagree with his counsel's strategy, since counsel's strategy was not deficient or prejudicial, he must accept the consequences of that strategy. Taylor v. Illinois, 484 U.S. 400, 418 (1988).

18

Therefore, Boyd has failed to show that the circuit court's decision was contrary to federal law, unreasonable, or based on an unreasonable determination of the facts. Thus, the undersigned recommends that Boyd's second and sixth claims of ineffective assistance be dismissed.

### 3. Grounds 3, 8 and 9, failing to challenge victims' credibility.

Boyd's next claim asserts that counsel was ineffective for failing to aggressively challenge the victims' testimony and credibility. (ECF No. 4 at 14). In his federal petition, Boyd argues for the first time that counsel should have used the criminal records of the victims, Tina Sherrod and Christopher Wilson, to impeach their credibility. Id. at 14-15. To support this argument, Boyd attached their criminal records to his federal petition. (ECF Nos. 1-7; 1-8). Boyd's eighth and ninth claims cite specific issues Boyd believes counsel should have attacked. (ECF No. 4 at 19-21). Claim Eight contends that counsel was ineffective for failing to expose Tina Sherrod's "black bag of tricks and lies." Id. at 19. Specifically, Boyd argues counsel should have elicited from Tina Sherrod on cross-examination that Boyd contributed to their relationship both financially and domestically. Id. at 19-20. Claim Nine asserts

that counsel was ineffective for failing to show that Tina Sherrod's income was less than her obligations. Id. at 21. Boyd argues counsel could have used this fact to support Boyd's testimony that he contributed $400 a month in rent and to refute Tina Sherrod's claim that he lived for free. Id.

The circuit court first addressed Boyd's claim in Ground 3 and held that it satisfied neither prong of the Strickland test:

> The Court finds counsel thoroughly cross-examined the victim and elicited testimony helpful to [Boyd]. Counsel's performance was not deficient, nor can [Boyd] show that this Court would have believed his story about intending to damage property rather than assault the victims, where he actually assaulted the victims and did not damage to [sic] the television he claims he intended to destroy. The Court dismissed Claim (c) pursuant to Strickland, 466 U.S. 668.

Final Order (R. 94), Boyd v. Clarke, No. CL11-006017 (City of Norfolk Cir. Ct. Oct. 17, 2011). The court thus denied Boyd's third claim of ineffective assistance. The circuit court separately addressed Boyd's claims in Grounds Eight and Nine and found that neither claim satisfied either prong of the Strickland test:

> The Court finds . . . that counsel's decision to focus on relevant evidence that might create a record upon which reasonable doubt might be found was not unreasonable, and that [Boyd] cannot show prejudice from the decision not to present evidence of the relationship between the parties as it related to the sharing of either household expenses or domestic

chores. The Court dismisses Claims (h) and (i)
pursuant to *Strickland*, 466 U.S. 668.

*Id.* at R. 95. Therefore, the court denied Boyd's eighth and
ninth claims of ineffective assistance of counsel.

The circuit court's rulings were not contrary to federal
law, nor based on an unreasonable finding of fact or application
of federal law. The court correctly applied <u>Strickland</u> and its
determination - that counsel's decision to focus on relevant
evidence was reasonable – was not an unreasonable finding. The
record reflects that counsel vigorously cross-examined both Tina
Sherrod and Wilson about their memory and knowledge of the
events of December 23, 2008. (Trial Tr. 24-32, 35-37, 51-55).
Also, as noted by trial counsel in his affidavit, Boyd's
financial and domestic contributions were not at issue, and
thus, cross-examining Tina Sherrod on these issues would not
have created reasonable doubt. (ECF No. 1-6 at 3). Finally, this
Court cannot consider Boyd's exhibits reflecting Tina Sherrod's
and Wilson's criminal records, because this evidence was never
presented to the state court.[6] <u>Cullen v. Pinholster</u>, 131 S. Ct.
1388, 1398 (2011) ("Review under § 2254(d)(1) is limited to the
record that was before the state court that adjudicated the

---

[6] The undersigned does note, however, that trial counsel did ask both Tina and
Wilson whether they had ever been convicted of a felony or a crime involving
lying, cheating, or stealing. (Trial Tr. at 34, 53).

claim on the merits."). Boyd has thus failed to show that the circuit court's finding that Boyd's counsel was not ineffective was "objectively unreasonable." Therefore, the undersigned recommends that claims Three, Eight, and Nine be dismissed.

### 4. Ground 4

Boyd also contends that trial counsel was ineffective for failing to investigate who called 911 on the date of the assault in order to determine whether Tina Sherrod had any facial injuries at the time the call was made. (ECF No. 4 at 15). Boyd claims that counsel knew Tina Sherrod went to a neighbor's house to call 911. Id. He therefore argues that though he did not give counsel a name for the neighbor (see ECF No. 1-6 at 3), counsel had a duty to investigate this neighbor and determine what information he or she had. (ECF No. 4 at 15-16). Boyd contends that counsel's failure to investigate the neighbor amounted to deficient performance. (ECF No. 26 at 31). He also contends that he was prejudiced by counsel's alleged error, because the neighbor's testimony would have contradicted Tina Sherrod's testimony concerning her injuries. Id. at 32. The circuit court considered this claim on the merits and held that it did not satisfy either prong of the Strickland test:

> Because [Boyd] does not name this witness or allege that this witness actually would have testified in a manner favorable to his theory, he fails to establish either deficient performance or prejudice. The Court dismisses Claim (d) pursuant to *Strickland*, 466 U.S. 668.

Final Order (R. 94), <u>Boyd v. Clarke</u>, No. CL11-006017 (City of Norfolk Cir. Ct. Oct. 17, 2011).

The circuit court's ruling was not unreasonable. Boyd has not proffered who this neighbor was or facts to which this neighbor would have testified. Thus, he has failed to show that the neighbor would have been helpful to his case. Furthermore, even if the neighbor contradicted Tina Sherrod's testimony concerning her injuries, Boyd would not be prejudiced. The aggravated malicious wounding charge and conviction pertained to injuries suffered by Wilson, not Tina Sherrod. (Trial Tr. at 169). Therefore, because Boyd has failed to show that the circuit court's ruling was contrary to federal precedent or based on an unreasonable application of federal law or determination of fact, the undersigned recommends that the Court dismiss Boyd's fourth claim of ineffective assistance of counsel.

**5. Ground 5**

Boyd's fifth claim contends that counsel was ineffective for failing to use and analyze phone records to demonstrate that Tina Sherrod did not fear Boyd because she kept calling him. (ECF No. 3 at 16). He asserts he gave the records to counsel, but that counsel discarded the records without analyzing them or using them to impeach Tina Sherrod. (ECF No. 4 at 15-16). As a result, Boyd believes counsel lost an opportunity to attack Tina Sherrod's credibility and bolster Boyd's. (ECF No. 26 at 34). The circuit court addressed this claim on its merits and found that it did not satisfy either prong of the Strickland test:

> Counsel's affidavit relates that the cell phone records only showed a pattern of calls between petitioner and Ms. Sherrod, but do not show the intent or feelings of Ms. Sherrod . . . . In addition, it is not credible to believe, as petitioner hypothesizes, that he was lured into the house at night to destroy his television in the hope that a confrontation would result. Counsel was not ineffective in not pursuing as a theory of defense that petitioner was lured into his ex-girlfriend's dwelling for the purposes of a confrontation, and he cannot hope to show by any evidence that a reasonable fact-finder would have believed this theory and acquitted him. Boyd fails to establish either deficient performance or prejudice and the Court dismisses Claim (e) pursuant to *Strickland*, 466 U.S. 668.

Final Order (R. 94-95), <u>Boyd v. Clarke</u>, No. CL11-006017 (City of Norfolk Cir. Ct. Oct. 17, 2011). The court thus denied Boyd's claim.

There is no evidence that the circuit court's ruling was unreasonable. In his affidavit, counsel stated that while the phone records displayed a pattern of calls between Boyd and Tina Sherrod, they did not show Tina Sherrod's intent or feelings. (ECF No. 1-6 at 2). Because the records "would not provide proof of Tina Sherrod's feelings," counsel decided "not to use records which he felt were not relevant or useful." <u>Id.</u> It was not unreasonable for the circuit court to rely on counsel's affidavit, which demonstrated that counsel analyzed and considered the phone records but ultimately decided the records were not relevant. Boyd has not refuted this or proffered the content of the conversations. Furthermore, the phone records demonstrate excessive contact from Boyd to Tina Sherrod, whereas most of Tina Sherrod's phone calls to Boyd appear to be responsive to those initiated by Boyd. (ECF Nos. 1-9; 4-2). Boyd has also failed to show prejudice, because he has not demonstrated that the phone records would have supported his case, much less that the records would have changed the outcome at trial. Therefore, the circuit court's ruling was not

unreasonable or contrary to federal precedent, nor based on a faulty determination of fact. Accordingly, the undersigned recommends that this claim be dismissed.

### 6. Ground 7

Boyd's final claim argues that counsel was ineffective for failing to present Boyd as a victim given his mental state. (ECF No. 4 at 18). Boyd asserts that he suffered a traumatic brain injury in 2003 that left him in a condition similar to someone with autism. Id. at 19. As a result of his condition, Boyd contends he is trusting to a fault and easily manipulated. (ECF No. 26 at 39). He argues that counsel knew this and also knew he was "used, abused, and taken advantaged [sic] of by Ms. Sherrod." (ECF No. 4 at 18). He argues that counsel was deficient for not presenting evidence concerning his mental state to show that Tina Sherrod manipulated him to return to her home on December 23. (ECF No. 26 at 38). He contends that had counsel presented such evidence, it would have proved that he had no idea he was breaking the law when he entered the house. Id. at 39. He further contends that this evidence would have lent more weight and credibility to his version of the facts than the victims', and thus created reasonable doubt. Id. The

26

circuit court considered this claim and determined that it satisfied neither of the Strickland prongs:

> Mr. Malouf [Boyd's counsel] relates that his goal was to establish reasonable doubt as to Boyd's guilt, and that portraying him as a victim did not further the goal of attempting to demonstrate to this Court reasonable doubt. The Court finds counsel's tactical decision was reasonable, and Boyd can show no prejudice from the decision not to portray him as an economic victim of Ms. Sherrod. The Court dismisses Claim (g) pursuant to *Strickland*, 466 U.S. 668.

Final Order (R. 95), Boyd v. Clarke, No. CL11-006017 (City of Norfolk Cir. Ct. Oct. 17, 2011). Therefore, Boyd's seventh claim of ineffective assistance failed.

There is no evidence that the circuit court's determination was unreasonable. As noted above, counsel's trial tactics are presumed reasonable. Strickland, 466 U.S. at 689. Accordingly, the circuit court's determination - that trial counsel acted reasonably by not portraying Boyd as the victim - was not unreasonable. Boyd's speculation as to what impact his mental condition would have had on the outcome of the trial is not sufficient to prove that the circuit court's decision was unreasonable. Therefore, since Boyd has failed to show that the circuit court's decision unreasonably applied, or was contrary to, federal law or based on an unreasonable determination of fact, the undersigned recommends that this claim be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, and that Boyd's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and the claim DISMISSED with prejudice.


### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.  Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file

timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 2, 2013

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Timothy Boyd
#1295457
St. Brides Correctional Center
P.O. Box 16482
Chesapeake, VA 233328

Steven Andrew Witmer
Office of the Attorney General
900 E Main St.
Richmond, VA 23219

Fernando Galindo, Clerk

By_____
　　　Deputy Clerk

_____, 2013